UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TORREY MACKEY, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | )   No. 3:15-cv-142-PLR-HBG |
| CAROLYN COLVIN, Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     *Defendant*. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Magistrate Judge Guyton's Report and Recommendation ("R&R"). [D. 27]. He recommends that the Court deny Mackey's motion for summary judgment [D. 22] and grant the Commissioner's [D. 25]. Mackey has objected to certain parts of the R&R. [D. 30]. The Court will review those parts of the R&R de novo. FED. R. CIV. P. 72(b)(3).

When an administrative law judge deems someone not disabled, the Court reviews that decision along two bases: whether the ALJ applied the correct legal standards, and whether the ALJ's findings are supported by substantial evidence. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). "Substantial evidence" is evidence that a reasonable mind might think good enough to support a conclusion. *Id.* An ALJ's decision can be based on substantial evidence even if other evidence would support a different decision. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986) (per curiam). When reviewing the ALJ's decision, the Court does not resolve conflicts in the evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

1

Mackey seeks Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). A person qualifies for DIB if he (1) is insured for it; (2) has not reached the age of retirement; (3) has applied for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). To receive SSI benefits, one must apply for them and be an "eligible individual." *Id.* § 1382(a). Whether someone is an eligible individual is based on their finances and their age, blindness, or disability. *Id.*

To qualify for DIB or SSI benefits, then, Mackey must show that he is disabled. To determine whether someone claiming these benefits is disabled, the ALJ applies a five-step process:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe.

3. If the claimant is not doing substantial gainful activity, his impairment is severe, his impairment has lasted or will last at least twelve months, and his impairment matches an impairment listed in the Social Security regulations, then he is disabled.

4. If the claimant's impairment does not prevent him from doing his past work, he is not disabled.

5. If the claimant's impairment prevents him from doing his past work, but other work exists in the national economy that he can perform with his impairment, he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (discussing 20 C.F.R. § 404.1520). Mackey raises two broad objections to the R&R, both of which focus on Step Three: his impairment meets Listing 1.04, and it meets Listing 12.06.

Mackey first argues that his impairments satisfy Listing 1.04. This listing requires that the claimant show that he has a disorder of the spine resulting in a compromised nerve root, with

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflect loss and, if there is

2

> involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04. Mackey claims that he satisfies Parts A, B, and C. In support, he cites MRIs from 2009, 2011, and 2014, and argues that these MRIs show all of the symptoms in Listing 1.04. The 2014 MRI, however, does not appear in the record. And the ALJ made her decision on January 13, 2014. If the 2014 MRI occurred after this date, then it is irrelevant, since the Court is simply reviewing the ALJ's decision based on the evidence she had. The Court, therefore, cannot consider any 2014 MRI.

Substantial evidence supports the ALJ's conclusion that Mackey does not meet Listing 1.04. She found no evidence of nerve root or spinal cord compromise. [Tr. at 15]. Two types of evidence supported her decision. First, she considered the testimony of Dr. Schosheim. Mackey objects to the ALJ's reliance on this testimony. He argues that, because Dr. Schosheim apparently did not consider the 2009 MRI in conducting his evaluation, he was unqualified to testify or is being biased.

3

Even if Dr. Schosheim failed to consider the 2009 MRI, however, this alone is not enough to find bias. More important, there is nothing in the transcript of the ALJ hearing to suggest that Dr. Schosheim failed to consider the 2009 MRI. Granted, he discussed only the 2011 MRI. [Tr. at 52]. But Dr. Schosheim discussed this MRI because it was the most recent. In fact, Dr. Schosheim stated, "The MRI scan that's most recent is in July 27th of 2011." If Dr. Schosheim did not know about the 2009 MRI—the only other one—then it would not make sense for him to talk about the 2011 MRI as the most recent one. This suggests that he did know about the 2009 MRI and considered it before giving his testimony. Finally, the ALJ looked at the 2009 and 2011 MRI reports herself. The 2009 MRI was thus taken into account when the ALJ reached her decision.

Mackey also objects to Dr. Schosheim's testimony that Mackey had no follow-up appointment. Mackey argues that he had an appointment with a neurologist after the 2011 MRI, at which time the doctor told him that he was suffering from severe chronic pain and needed surgery. The only evidence in the records suggesting that Mackey was seen by a neurologist are the notes from an August 2011 examination he received at North Dade Health Center. [Tr. at 473–76]. These notes say nothing about surgery, and the notes about pain severity say two different things: in one place the notes state that "severity is moderate and 9/10 on the severity scale," while elsewhere they note, "Back pain: lower back area, severity severe." The evidence is not as strong as Mackey suggests. Even if Dr. Schosheim overlooked these notes, that does not taint his testimony so much that the Court must disregard it. The ALJ properly considered Dr. Schosheim's testimony in reaching her decision.

Next, the ALJ looked at the medical records and concluded that they showed no evidence of nerve root or spinal cord compromise. [Tr. at 15]. In particular, she focused on the 2009 and

4

2011 MRI reports. [Tr. at 439, 440, 498]. Although Mackey objects to this interpretation of the MRI reports, the reports support the ALJ's interpretation. Her interpretation is further supported by Dr. Schosheim's testimony, which looked at the reports and reached the same interpretation.

Finally, the ALJ found that Mackey did not satisfy Part C because he can move around without assistance. [Tr. at 456, 487]. Mackey does not object to this finding. As a result, the ALJ's conclusions that Mackey did not suffer nerve root or spinal cord compression is supported by substantial evidence. Because nerve root compression is required under Parts A, B, and C, the ALJ's conclusion that Mackey does not satisfy Listing 1.04 is supported by substantial evidence. Mackey's objection is **OVERRULED**.

Next, Mackey objects to the ALJ's finding that he did not meet Listing 12.06. This Listing reads,

> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>
> A. Medically documented findings of at least one of the following:
>    1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
>       a. Motor tension; or
>       b. Autonomic hyperactivity; or
>       c. Apprehensive expectation; or
>       d. Vigilance and scanning;
>
>    or
>
>    2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
>    4. Recurrent obsessions or compulsions which are a source of marked distress; or
>    5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

5

AND

B. Resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration.

OR

C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. pt. 404, subpt. P, app. 1, 12.06. Mackey does not argue that he meets Part C, and the record does not suggest that he does. Instead, Mackey contests that ALJ's finding that he does not meet Part B.

The ALJ found that Mackey had mild restrictions on his daily activities; mild difficulties in functioning socially; moderate difficulties in concentration, persistence, and pace; and no extended episodes of decompensation. None of these, the ALJ concluded, met the requirements listed in Part B. Mackey notes that he was diagnosed with PTSD and chronic depression. This is confirmed by a November 2011 report by Drs. Nicola Chung and Jack Weitz. [Tr. at 493–94]. Yet that same report notes that Mackey has not been hospitalized for psychiatric reasons, is not on psychiatric medications, and has never had suicidal thoughts. This suggests that his PTSD and chronic depression are not so severe that they satisfy Part B. This is supported by the ALJ's other findings regarding Mackey's ability to live a mostly normal life.

Mackey, however, objects to the Chung-Weitz report. He argues that Dr. Chung's assessment is inaccurate because she did not take enough time to look at his concentration and ability to exhibit good social judgment. Mackey does not provide any evidence regarding how long Dr.

6

Chung's assessment took, and none exists in the record. Without more information, the Court cannot find that the assessment done by Drs. Chung and Weitz was inappropriate in any way.

Mackey's final objection is that the ALJ did not properly consider the reason for his back pain. His back pain started when he was allegedly beaten by three guards in jail. Mackey argues that this event is obviously so traumatic that it stands as enough evidence to show that Mackey satisfies Part B. Part B, however, is focused on the "What," not the "Why." It asks only whether the claimant can do certain things. For example, Part B asks whether the claimant struggles in social situations. This would be answered by looking at how well the claimant can interact with others—it does not matter *why* the claimant can or cannot interact with others. The reason for Mackey's PTSD and chronic depression, then, are irrelevant for Part B. The ALJ properly looked at the evidence when deciding that Mackey did not meet Listing 12.06. His objection is **OVERRULED**.

For these reasons, Mackey's objections to the R&R are overruled. And after a careful review of the record, the Court **ADOPTS** the R&R. For the reasons stated in the R&R, Mackey's motion for summary judgment is **DENIED** and the Commissioner's is **GRANTED**. This case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

7

Case 3:15-cv-00142-PLR-HBG   Document 32   Filed 11/02/16   Page 7 of 7   PageID #: 655